UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SERRA PROPERTY LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-00703-HSG<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>Re: Dkt. No. 19 |

Pending before the Court is the motion for good faith settlement determination ("Motion," Dkt. No. 19) filed by Serra Property LLC ("Serra"). Serra seeks approval of a settlement ("Settlement") pursuant to which Serra agrees to provide parking and transaction counters at the relevant Property in compliance with the Americans with Disabilities Act ("ADA") Accessibility Guidelines and Title 24 of the California Code of Regulations, and a monetary settlement in the amount of $9,500.00 to Plaintiff Scott Johnson ("Plaintiff"). On June 4, 2020, the Court requested additional authority as to the legal basis for the Court granting a motion for good faith settlement determination under California procedural law when the claim settled, among others, is a federal claim under the ADA, and the federal claim (rather than diversity) is the basis for jurisdiction. Dkt. No. 21. Serra filed its response on June 11, 2020. Dkt. No. 22. For the reasons below, the Court **GRANTS** the Motion.

**I.  BACKGROUND**

Serra operates a property located at 61 Serra Way, Milpitas, California ("Property"). *See* Declaration of Richard Garcia ("Garcia Decl.," Dkt. No. 19-1) ¶ 2. Defendant Shasta Corporation ("Shasta," and together with Serra, "Defendants") operates a restaurant ("Restaurant") located on

the Property, and is Serra's tenant. *Id.* ¶ 3.[1] Plaintiff is a quadriplegic and contends that the Defendants did not provide accessible parking and failed to maintain the sales counter in the Restaurant in a manner that is readily accessible for persons with disabilities. *See* Dkt. No. 1 ("Compl.") ¶¶ 1, 10-20. Plaintiff visited the Restaurant in May and June 2019, where he encountered counter barriers each time. *Id*. ¶ 3.

On January 30, 2020, Johnson filed this lawsuit against Defendants alleging violations of the ADA, 42 U.S.C. § 12101 et seq., and the Unruh Act, Cal. Civil Code § 51 et seq., seeking injunctive relief, damages, and attorney's fees. Compl. ¶¶ 7-8. On April 6, 2020, Serra and Plaintiff agreed to the Settlement on injunctive relief and monetary damages. Garcia Decl. ¶ 7. With respect to the injunctive relief demand, Serra has modified the sales counter, and has agreed to make the necessary changes to the parking space within an agreed upon amount of time. *Id*. Additionally, Serra agreed to pay $9,500.00 in monetary damages to Plaintiff. *Id*. In exchange, Plaintiff has agreed to release all claims against Serra, and to dismiss it from this action with prejudice. *Id*.

## II. LEGAL STANDARD

In "an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt," California Code of Civil Procedure Section 877.6 permits a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith. *See* Cal. C. Civ. Proc. § 877.6(a). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the setting tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. C. Civ. Proc. § 877.6(c).

A settlement is made in good faith if it is within the reasonable range of the settling tortfeasor's share of liability for the plaintiff's injuries, taking into account the facts and circumstances of the particular case. *See Tech-Bilt, Inc. v. Woodward-Clyde Associates*, 38 Cal.3d

---

[1] Shasta has not filed a response to the Complaint, and is not subject to the Settlement or the Motion. Garcia Decl. ¶ 8.

488, 499 (Cal. 1985). When determining whether a settlement has been entered into in good faith, a court examines such factors as: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than if found liable after a trial; (4) the allocation of the settlement proceeds among plaintiffs; (5) the settlor's financial condition and insurance policy limits, if any; and (6) evidence of any collusion, fraud, or tortious conduct between the settlor and the plaintiffs aimed at making the non-settling parties pay more than their fair share. *Id*.

### III. DISCUSSION

#### A. The Good Faith Settlement Procedure of Section 877.6 is Available in This Case

A good faith settlement determination under Section 877.6 is available only in actions "in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt." Cal. C. Civ. Proc. § 877.6(a)(1); *see also Forman v. Gov't Employees Ins. Co.*, 920 F. Supp. 1065, 1066 (N.D. Cal. 1996). Landlords and tenants each have an independent obligation to comply with the ADA's prohibitions against discrimination, which apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000) (quoting 28 U.S.C. § 12182(a)); *see also Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability (citations omitted)); 28 C.F.R. § 36.201(b) ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.").

A threshold issue is whether the good faith settlement procedure of Section 877.6 is available in a federal case claiming violations of both the ADA and a California statute, where the federal claim (rather than diversity) is the basis for jurisdiction. "[S]ection 877.6 procedures do not govern a federal action [but] the substantive provisions … are applicable." *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990). In the supplemental authority requested by the Court, Serra noted that the Ninth Circuit in *Butler* did not foreclose a court's ability to make a determination of good faith settlement based on California law. The Ninth Circuit in *Butler* held

3

1  that "nothing is to prevent the district court from granting a motion for an early determination of
2  the good faith question. In fact, it makes eminent good sense to do so." *Id*. Although *Butler* did
3  not involve the ADA, it did involve federally insured financial institutions as well as a federal
4  criminal RICO claim, among 46 state causes of action. *Id*. at 507-509.

Consistent with the fact that landlords and tenants are jointly liable for ADA violations, several courts in this District have analyzed settlements in ADA cases under Section 877.6. *See Loskot v. The Dog House*, No. C-11-04867 JSC, 2013 WL 255953, at *2-3 (N.D. Cal. Jan. 23, 2013) (granting application for determination that settlement between plaintiff and landlord in ADA case was made in good faith); *see also Yanushkevich v. Fry's Electronics, Inc*., No. 15-cv-04830-BLF (SVK), 2017 WL 2457111, *2-3 (N.D. Cal. May 11, 2017) (granting motion for good faith settlement determination where plaintiff pled ADA and state law causes of action and the court had jurisdiction based on the ADA cause of action and supplemental jurisdiction over the state law causes of action) (*report and recommendation adopted by* 2017 WL 2438559 (N.D. Cal. June 6, 2017)).

Accordingly, the Court is satisfied that it has the authority to apply California law to the ADA cause of action, and that landlords such as Serra may seek a determination under Section 877.6 as to whether their Settlement with Plaintiff is in good faith.

**B.     The Settlement Satisfies the Requirements for a Good Faith Settlement**

Plaintiff alleges that when he visited the Property and Restaurant, both the parking space and sales counter were in violation of the ADA and the Unruh Act, Cal. Civil Code § 51 et seq. Compl. ¶¶ 12-16. Serra admits responsibility for the parking space on the Property, and Serra has agreed to modify the parking space at the Property in full compliance with the relevant statutes as part of the Settlement. Garcia Decl. ¶ 7. Although Serra contends that Shasta is responsible for the Restaurant's counter, Serra states that it has properly fixed the sales counter to also comply with the relevant statutes in light of Shasta's non-responsiveness. *Id*.

As noted, Serra and Plaintiff have agreed to a monetary settlement of $9,500.00. In the Complaint, Plaintiff requested damages as follows: 1) $4,000 for each of the visits made to the Property and Restaurant; and 2) reasonable attorney's fees and costs under the ADA. Compl. at 7.

4

When considering the value of the case at this stage, Serra's settlement payment of $9,500.00 is well within the "ballpark" of its potential liability. Because there is no allocation in the Settlement, the settlor's financial condition and insurance are not at issue, and there is no evidence or accusation of collusion, fraud, or tortious conduct, those factors do not bar a good faith determination.

Having considered the relevant *Tech-Bilt* factors, the Court finds that the proposed Settlement was entered into in good faith pursuant to California Code of Civil Procedure 877.6. The Court reaches this conclusion in no small part because the Settlement appears to represent a reasonable compromise between Serra's interest in avoiding further litigation expenses, appropriate compliance with the ADA and Unruh Civil Rights Act, and any weaknesses in Plaintiff's case.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the Motion.

**IT IS SO ORDERED.**

Dated: 6/17/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

5